Good morning, Your Honors. My name is William Moran. I am appearing today for Cristina Balan, the appellant. The threshold issue before this court is jurisdiction. The district court did not have diversity subject matter jurisdiction to confirm what was on its face, a $0 award of dismissal. That is so under this circuit's existing precedent in Thies Research, which only allows a court to look through to find a mounting controversy, to look through to the arbitration demand, to find a mounting controversy when the petitioner seeks to remand back to arbitration. The appellees, who are the petitioners, did not seek to remand back to arbitration. Furthermore, that is so under the Supreme Court's precedent in Badgerow, which outright prescribed the practice of looking through to an arbitration demand. But then there's an even more obvious issue. There's no demand here to look through, too. The appellees didn't include the demand in their petition to confirm arbitration. They didn't make it part of the appellate record here. They didn't even include it in their request for judicial notice. One thing that sort of puzzled me by the arguments, your arguments, is what is gained here? I mean, what happens after, let's assume that you get your way and this matter is reversed. What's the next step? Well, jurisdiction can always be challenged, and there needs to be jurisdiction to confirm an award, regardless of what. Well, it goes back. They add the demand. They present it to the district court judge. So I would be speculating a bit, but a few things can happen. For one, at the state court, we would be able to argue against— Your position is even if they add all these demands and stuff, they still lose. That's your top-line position, right? Pretty much. And so your position is they can only do this in state—unless you bring it, unless your side brings something to federal court, they can only bring it in state court, right? They can only bring it in state court. And so, yes, we would be able to challenge it again at the state court. Some of the procedural posture, my client was a pro se litigant throughout this process, so speaking really practically, I would be able to develop the record more. But as a technical matter, they need jurisdiction to confirm that award. Why don't they want to go to the state court? Why? And why do you want them in state court? I'm just trying to figure out the practical— Why? Is there a reason because you think that that's a better forum for attacking the arbitration award? I think it's the forum that Congress would have wanted in this circumstance, but also, to be really honest with you, we would get another bite at the apple. Again, my client was a pro se throughout the process. Get another bite at the apple in the sense that you would be able to say that the arbitration was—make your own contrability arguments, et cetera. Yes, I would be able to develop that record better than a pro se litigant would have been able to. That's the honest answer there. So there's no jurisdiction based off Badger O and Thies. And to the appellee's credit, they concede that point. They actually say for jurisdictional purposes, this is not a Section 9 case. They don't argue that our reading of Badger O or Thies is incorrect. Instead, they try to pivot and say that there's a different jurisdictional basis through Section 3 of the FAA. And Section 3 of the FAA is for a party that requests a stay pending arbitration. They claim, based on new Supreme Court precedent in Smith v. Bazzieri, that the district court, the Western District of Washington, aired when they closed balance 2019 libel claim. And that libel claim was only against Tesla. It wasn't against Musk. The problem is they didn't actually request a stay, and they actually, arguing in a different motion in the Western District of Washington, and I quote, they say they moved to compel arbitration and dismiss balance complaint in its entirety and never requested that court retain jurisdiction or otherwise stay the case pending arbitration. So they didn't request a stay. And actually, at the conclusion of the filing that they refer to to say that they requested a stay, it says that they were requesting a dismissal. At one point in that filing, they essentially restate the rule, which is we request that the court dismiss or stay. That would be like an appellant saying, I request that the court reverse or affirm. It's a binary. You have to request one or the other. What they requested was a dismissal. What they got is a dismissal. And so there's no longer a jurisdictional hook under Section 3 because that case was closed. Additionally, another problem that they face in that argument is that they're trying to collaterally attack the 2019 case order, which was in April 2021, three and a half years after the fact. That's no longer on direct review here. That issue would be the libel case. What's before the court on direct review, and as Badgerow explained, a petition to confirm an arbitration award is essentially a contract issue. It's if parties have a dispute over a contract after a case, which is frequently done in state court, even when the underlying matter starts in federal court. So, you know, here we have the contract matter, the matter that sounds in contract, and they're trying to ping it off of the 2019 case that was dismissed April 2021 that was a libel matter that sounds in tort. Another issue that they face is that Musk was not part of that 2019 complaint. That 2019 complaint was only against Tesla. And, in fact, the 2019 case was dismissed in April 2021, and Musk was not added to the case via the arbitration until a month later, May 2021. So they're arguing that Section 3 gives them a return ticket, gives Musk and Tesla a return ticket. How does Musk get a return ticket to federal court that he's never been to, right? There's no hook there for them. One moment, Your Honors. And, finally, they misread Smith v. Spazzieri. Looking at the text of Section 3 of the FAA, the text of Section 3 talks about a court staying a trial until the arbitration has been had. A petition to confirm an arbitration award is a post-arbitration function. And what's really informative is to look at Section 8 of the FAA, which is the only provision of the FAA that actually allows to retain jurisdiction up through the petition to confirm an arbitration award. And that Section 8 says that courts shall retain jurisdiction to enter its decree upon the award. And Section 8 is for admiralty and maritime cases. This case didn't involve any boats or ships. It was a liable case. So you're saying that even if the district court had formally entered a stay of the litigation, they couldn't come back? I am saying that. The Fourth Circuit actually said that in Smart Sky. Looking at it, they said that there's no doctrine of continuing jurisdiction. That the purpose of Section— What does it mean to stay a case if it's not still there and there still isn't jurisdiction? So Badger will explain that these are essentially like two different cases, right? So you have the arbitration, which is dealing with the underlying matter here, liable. And then a petition to confirm an arbitration award or a petition to vacate an arbitration award is like after a case— let's say there was a case in federal court. After a case in federal court, the parties want to enforce their judgment or they wish to contest some sort of settlement agreement. That's often done at the state court, depending on you look at the face of that claim or that petition. And so even because the underlying matter would have started in federal court, essentially it doesn't provide continuing jurisdiction. And I think that's really clear. Your theory is that, let's say you had jurisdiction because it exceeded the amount of controversy— it's a diversity and exceeded the amount of controversy. Then the court sends it and properly stays it under the Supreme Court's latest guidance. And then as soon as the arbitrator says it's worth nothing, that they lose jurisdiction. But that doesn't happen in a court. You know, the cases stayed in the courts. That wouldn't normally happen if it had never been sent to arbitration. When they found that it was zero, the fact that you have an amount of controversy that exceeds the amount and then you get awarded nothing doesn't make you suddenly lose jurisdiction. Sorry, Your Honor, for that. The case ends with the arbitration. The arbitration is like court one. But it doesn't because the case was stayed. I mean, maybe this is all wrong. It wasn't stayed here. So there's that issue. It wasn't stayed here. And I think— But what happens in normal litigation with a settlement, parties have a settlement. It's a contract. They file a dismissal. And there's no entry of a judgment. But when a case is sent to arbitration and it stayed, then why can't they come back? Because the act says that if the award is confirmed, it's equivalent to a judgment in the case. So it isn't just a private contract. It gets confirmed and then it's a judgment of the court. And the litigation has been stayed. It is basically the resolution of the litigation. Well, for one, the Supreme Court in Badgerill said that it is like a contract. And, in fact, they specifically likened it. It is like—yeah, but they were dealing with the context where you come back in a new lawsuit. Then it's like enforcing a contract settlement. Well, the initial arbitration, that was not dealing with the contract. That was dealing with the underlying, which is the libel matter in tort. Going back to what Judge Van Dyke said, though, they also—there was just no stay here. It's a bit of a law school exercise because there's no stay. Okay. Do you want to save any time for rebuttal? Yes. Okay. Good morning. Then we'll hear now from Mr. Weil. Thank you, Your Honors. Excuse me. There is no meritorious argument on the underlying order. Excuse me. It's not even a close call. It wasn't discussed by counsel today whether Justice McAdams' final award in the arbitration was meritorious or not. And that's why Your Honor raised the pragmatic issue of what is to be gained if this court agrees with the appellant and sends it back to the district court. Well, he was pretty honest. If there's no jurisdiction, you get another bite of the apple in the state court. And the answer is nothing. So maybe he gets another bite at the state court, but the standard is not going to be different. Maybe he gets a chance to try to knock it out. Right. Try to knock it out. It gets out of this court. It gets out of this court with the exact same standard in the state court. The briefing was interesting here because your brief, when you came in, you said, I think he was right in saying that you kind of shifted your argument a little bit in light of the Supreme Court, from your perspective, unfortunate decision in Smith, right? And so what you had to say, you had to say, well, we should have gotten a stay. But the Supreme Court in Smith says, it says when a federal court finds a dispute of subject arbitration and a party has requested a stay, the court does not have discretion to dismiss. But you said you could either stay or dismiss to the district court with the second. And so I don't know. This would be a very different case and a much harder case, I think, if you had insisted on a stay, as happened in other cases I've been on, and the court had dismissed. But here, you invited the court to dismiss. The court did that. And so your Smith argument, I don't see how that works. You kind of ignore in your Smith argument that you had asked to dismiss. So what is your response to that? Well, I don't know if there's necessarily magic language when you say you want a stay. We said, can you just stay or dismiss? And my interpretation of the Smith court, although there was an alternative presented to the district court, stay or dismiss, according to the Supreme Court, when a stay is requested, the Supreme Court emphasized the shall language in the statute. You shall stay. I suppose you could say it doesn't address the Supreme Court in the Smith case when you give the district court options, which is what you did. It does say when the parties request a stay, and you did request a stay, but you also said that they could or the district court could dismiss the case. And I suppose the Supreme Court could have gone so far as to say you can't dismiss a case, even when the party asks you to dismiss the case. But it seems that this language I was just quoting, what's implied in that language is that the district court errors when it dismisses a case when a stay, when you ask for a stay, consistent with statutory language, but you dismiss it. It's not saying you can't dismiss the case if the party wants to dismiss the case. Yeah, but if that's the only request made of the party, that would be fair. If all we say is we want a dismissal, okay, fine. We didn't even ask for a stay. There's no magic language. But in black and white, it says we want a stay. So your position is, so if you just said give me a dismissal, I do not want a stay, and the district court can give you a dismissal. And if you say I want a stay, then we know under Smith they have to give you a stay. But if you say give me one or the other, I don't care, then the district court has to give you a stay? Is that your position? That is. And the reason why, and perhaps before Smith I wouldn't have had this opinion, but what the Supreme Court taught us all in doing that, it reversed authority in this circuit and many others. It said you must do it. It was a short opinion. It was a unanimous opinion. If that's true, if that's true, then why is it okay for the district court to dismiss even if you ask for, because if the district court must stay the case, then you asking for a dismissal, I don't understand. That's consistent with your position that you can't ask for a dismissal and get a dismissal. Well, I mean, if you ask for a dismissal, and this is all hindsight. Nobody had the benefit of Smith at the time. There was a lot of decisions being made by the courts, by the parties. Both parties went back to the federal court, not just us. The appellants went back to the Western District of Washington, and a lot of decisions are being made without the benefit of the Supreme Court's guidance on what the statute means. And what the Supreme Court did for all of us, both through Badgerow and through Smith, was teach us all what does the statute mean. But also the reality is the order you got is not a stay. It's a dismissal.  And it was not appealed. And so even if it's wrong under Smith, it's still a dismissal. And so I don't see how you now can pretend, well, it should have been a stay, so we'll act as if it is a stay. It isn't a stay. It's a dismissal. The case is over. So you need to file a new case, which now means you need a basis of jurisdiction, and that's your problem. Well, at that point in time, the authority in this jurisdiction is the court had the right to do that. So an appeal of a dismissal at that point, because, quite frankly, we asked for a motion to compel arbitration. The court granted the motion to compel arbitration. And to then appeal the dismissal at that point wouldn't have made a whole lot of sense. But that makes sense. But the problem is jurisdiction is jurisdiction. Like, I mean, it doesn't, like, fairness doesn't get you past jurisdictional bars. That's the problem that we would have even if you were tugging at my heartstrings. Well, and I understand that point. But the point that we make is that we should never have been in this place in the first instance, because the Western District of Washington should have stayed. To get to your point question, my view is that if ---- But it didn't. It gave you a judgment we now know to have been erroneous. But erroneous judgments are as binding as anything else. It's final. You didn't move to set it aside. This isn't the place for a collateral attack. So you need a new lawsuit. And you filed a new lawsuit. And so the question before us is do we have jurisdiction over your new lawsuit? But the new lawsuit was effectively a Section 3 effort to come back because the stay should have been granted in the first instance. And, I mean, I imagine the courts are about to be inundated with these. I think we're going round and round on the same issue. You're calling it a Section 3 case, but it was a dismissal, so it can't be a Section 3 case. Well, it's a Section 3 case because we were entitled to that ticket to return that the Supreme Court talked about. We should have had that ticket to return because we did request the stay and there was a dismissal granted instead. The order says the case is closed, which, frankly, is a little bit confusing on what that would even mean. I don't know if closed means a dismissal or a stay. It's just closed. But the point is that we were entitled to that ticket to return to the court at that time. And because we were entitled to the ticket to return, therefore, it creates this pragmatic issue that we would never have been in the position that we were in to have to file in a Section 9, which at the time was the proper procedure before Badgero, and all this happens before Badgero was decided, was to file a Section 9 in the Northern District of California, which is. . . What do you think would have been necessary in the way this case is set? Would have, including the demand, the original demand, been sufficient to cure this $75,000 issue? I think there's a couple things. And one thing is a pragmatic issue. I mean, again, no one's talking about the merits of this. We're all talking about procedural issues. But as a pragmatic result might be to remand to the district court to clean up the record. So because what we have in the record below is. . . Well, hold on. You didn't submit to confirm the award. You didn't submit the demand, though, right? I believe that's right. Okay. So my question is, what would you have needed to do? Submit the. . .perhaps. . . Do you think that would have been enough? To establish jurisdiction? Yes. Well, I believe it would have been enough to establish diversity jurisdiction. Okay. But the reality is that this dispute was sent to arbitration appropriately at the time, based on the authority that existed before the Supreme Court. Why would that establish jurisdiction? I don't understand that. Why would it establish diversity jurisdiction the way you just said? Well, as I understand it from the appellant, because we didn't submit the demand that would show the diversity of the citizenship of the parties, that we hadn't established a sufficient. . . By the demand? From the demand itself? Of the original lawsuit? I think that's what I understand. But that's not how I read the Supreme Court's decision in Badgero. If you're starting with a new lawsuit and the arbitration order is equivalent to a settlement, then you can't go back to the original dispute before the settlement. You're talking about enforcing a contract now. That's how they looked at it. And the contract says zero. So there's no amount in controversy that's going to get that back to $75,000. Well, if we change the facts, and this went immediately to arbitration and had not started in Western District of Washington, where there was a request for a stay, I would agree that under the Badgero decision, we would not be able to have federal court jurisdiction. So let me ask this question. Let me ask this question, though. In the context, let's say you went to arbitration. You're now trying to confirm that award, and that award is less than $75,000. Could you ever confirm an arbitration award? Absolutely. How? After Badgero? If you started out in arbitration and never existed in the federal court, my reading of Badgero is you could not have federal jurisdiction under diversity jurisdiction because you wouldn't have the amount of controversy. That's my reading of Badgero by itself. Well, you would if the plaintiff had won, and it's a large award. It's over $75,000. Right. I mean, if the plaintiff wins, then you do. And I haven't gotten my head around why that makes sense to me, but it is what the Badgero says. But if it's under, though, if it's under, if it's under that $75,000, how do you confirm an under $75,000 award in federal court? I think under Badgero you can't. Well, you can. You go to state court. Well, you can't in federal court. I understand that point. But my point is that this case is not that case. This case is a case that started in federal court. It's been in this court before. This is the second trip here. Your position is all roads for you lead through the fact that you asked for a stay because your argument depends on that you asked for a stay, even in response to these questions. Because if you hadn't, if, like you're saying, if it never even started in court and you went straight to arbitration. And so, again, going back, but if your case was dismissed, you know, we're sort of in the same position as if you had asked for, as if you went straight to arbitration because that case is no longer here, and I don't know how that case gives us jurisdiction. Well, the case, the case gives us jurisdiction because. It should have been stayed. Because it should have been stayed. That's your argument, right? Because it should have been stayed. It should have been stayed. And had it been stayed, had the court followed the Supreme Court guidance, had the benefit of the Supreme Court guidance at the time, the court should have given us the ticket to return, which is what the Supreme Court says we're entitled to. Instead, the court sent us on a journey without a ticket to return. But we were entitled to that ticket to return to confirm the award. So going forward, your position would be that all litigants are going to request motions for stay and or dismissal. Yes. And then if they choose the dismissal, you still have the opportunity to go back and say, ah, you should have stayed it. Well, that is not my argument on this point. My argument on this point is that when presented with the stay, the court needed to have, with the request for the stay, the court needed to have done so and stayed the action because what you ask for after that point probably doesn't matter under the new Smith case, which made it very clear that if a party asks for a stay, the court shall stay the case regardless of what the court, what the party may ask for in the alternative. That's not. That's what Smith says. Smith just says if they ask for a stay, but I'm not sure Smith addresses if you give the court a menu of things and the court does what you say, you know, if it's not to stay that somehow it's committed error. I'm struggling with the fact that you think it's fine for the court to grant a dismissal if that's all you ask for, even though the law says that the court shall grant a stay. So why can't you say, what if you said we'd like a dismissal, but if you're not willing to give us a dismissal, our second much lower choice, we really don't want to stay, but we'll take it if you won't give us a dismissal. What if you said that? That's not before the court. I just don't understand why if you give a menu of things, how you can rely on the court having errored under. Parties present lots of things to courts and the courts say, no, I can't do that because of various reasons, maybe statutory reasons, they can't do it. So a party may say to the court, I want this or that, and the court may say, well, I can't give you that because you asked for the first thing first. And the Supreme Court said, I've got to give it to you, and I have no choice in the matter. All right. Thank you, counsel. We'll hear rebuttal now. Thank you, Your Honors. I would just reiterate that they didn't really request a stay, that these are really binary things, dismissal or a stay. They said later on in the Western District of Washington, we never requested a stay, we never requested you retain jurisdiction. In the subject filing, they asked for a dismissal repeatedly. They found one spot where I think they were just really restating the rule. They said dismiss or stay. Again, the court can't just dismiss or stay. And Spazeri is informative as to why they wouldn't have actually been requesting a stay. So in Spazeri, the party actually did request a stay, and the situation was the plaintiff brought a case, the defendants compelled arbitration, then the arbitration fell apart. Either the defendants didn't pay for the arbitration or they didn't participate in the arbitration. So it's to avoid that situation. That's really why Section 3 is talking about stay a trial. It's the plaintiff in that situation, they were in court, they got tossed out of court into an arbitration that was defunct, and now they were sitting on this defunct arbitration. They now had to go back and refile their case, which was a huge burden to them. They also would have faced potential issues of statute of limitations or tolling and refiling a case. So it was really Section 3 exists to prevent that gamesmanship. And that was not the posture that Tesla, and really only Tesla, Elon Musk was not actually part of that case at that point. That's not the posture they were in. They had compelled arbitration. They were real excited about arbitration. Arbitration was their thing. And they didn't want the Western District of Washington overseeing proceedings. There was, you know, they didn't want them to exist as essentially that helicopter parent. They wanted much the opposite, which is why they said again in the Western District of Washington later on, arguing first to file, that they never requested a stay, they never requested that jurisdiction be retained, because that's really the reality. Counsel also mentions closed versus dismissed. In their filing, they refer to it as dismissed. In their first to file arguments in the Western District, they make note that this is a separate case and that these are with distinct claims, et cetera. They know very well that it was dismissed, the options being that it's on the court's docket or not. Thank you, Your Honors. All right. Thank you, Counsel. The case just argued will be submitted.
judges: COLLINS, VANDYKE, MENDOZA